IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Jerri Leigh Jackson,<br><br>                              Plaintiff,<br>v.<br><br>CR England, et al.<br><br>                              Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:12-cv-782 DB<br><br>District Judge Dee Benson<br><br>Magistrate Judge Brooke Wells |

The matter was referred to the undersigned by Judge Benson pursuant to 28 U.S.C.

§636(b)(1)(B).[1]  On August 21, 2012, the Court granted Plaintiff's Motion to Proceed *in forma*

*pauperis* under 28 U.S.C. § 1915 without prepayment of fees.[2]  Plaintiff Jerri Leigh Jackson,

proceeding *pro se*, filed a Civil Rights Complaint along with hundreds of pages of exhibits

alleging violations of the Americans with Disabilities Act.[3]  As set forth below the undersigned

recommends that his case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. Background

The facts underlying Plaintiff's complaint concern alleged violations of the Americans

with Disabilities Act (ADA).[4]  Ms. Jackson has previously sought redress from a number of

Equal Employment Opportunity Commission (EEOC) offices including those located in

Phoenix, Arizona[5] and Salt Lake City, Utah.[6]  Ms. Jackson has also sought relief from the

---

[1] Docket no. 6.

[2] Docket no. 2.

[3] 42 U.S.C. § 12101 et seq.

[4] 42 U.S.C. § 12101 et seq.

[5] Complaint 1c.

Indianapolis Civil Rights Commission.[7]  Plaintiff received a right to sue letter from the Phoenix

Arizona office dated May 15, 2012 and this suit followed in August 2012.[8]  As the Court

understands the complaint, Ms. Jackson alleges she has a disability and was hired to be a driver

for Defendant CR England.  Part of her required training was to drive cross-country with a

trainer who allegedly threatened Ms. Jackson, failed to make reasonable accommodations for her

disability and threatened to leave her stranded out of state.[9]  Due to the harassment from her

trainer and the lack of accommodations she was unable to successfully complete the training

program.  Ms. Jackson was then terminated on or around May 2011.  This was done by

Defendant who "had me medicated and terminated me secretly and illegally."[10]

Ms. Jackson further alleges that she received a "conditional offer of employment" that

was breached by 1) CR England; 2) the Phoenix, Arizona EEOC; 3) Antidiscrimination and

Labor Commission located in Salt Lake City, Utah; and 4) the mayor's office in Salt Lake City,

Utah.[11]  Supposedly CR England failed to allow Ms. Jackson light duty status while she was

under medical care in Salt Lake City, Utah.

In September the Court reviewed Plaintiff's complaint and found that it "is

incomprehensible and does not clearly state a cause of action in a way that the Court can

ascertain what is being alleged."[12]  Rather than dismiss the complaint, the Court followed the

---

[6] *Id.* 1e.

[7] *Id.* 1c.

[8] *Id.*

[9] *Id.* 1d.

[10] *Id.*

[11] *Id.* 1k.

[12] Order dated September 27, 2012, p. 2, docket no. 9.

preferred practice of allowing a plaintiff an opportunity to amend[13] and directed Ms. Jackson to

file an amended complaint by October 30, 2012.[14]  The Court also warned Ms. Jackson that a

failure to do so "will result in a recommendation of dismissal of this case."[15]

Ms. Jackson did not file an amended complaint by the deadline.  Instead, she filed a

Motion for Reconsideration of this Court's order denying her an attorney.[16]  In this document,

Ms. Jackson alleges that her Constitutional rights have been violated because the Court failed to

appoint her an attorney.[17]  And, in a similar tone to the language found in the Complaint, there

are allegations concerning the Court's conduct and the procedure it should follow in this case.

## II. Analysis

In a case proceeding *in forma pauperis*, § 1915(e)(2)(B)(ii) provides that "the court shall

dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a

claim upon which relief can be granted."[18]  This language essentially parallels that found in Rule

12(b)(6) of the Federal Rule of Civil Procedure[19] although dismissals under § 1915 are governed

by a distinct legal standard.[20]  In determining whether dismissal is proper, the Court must accept

the allegations of the complaint as true and must construe those allegations, and any reasonable

inferences that might be drawn from them, in the light most favorable to the plaintiff.[21]  Yet, to

---

[13] *See Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("[T]he district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim.").

[14] Order dated September 27, 2012.

[15] *Id.* at p. 2.

[16] Docket no. 10.

[17] Mtn. p. 4a.

[18] 28 U.S.C. § 1915(e)(2)(B)(ii).

[19] *See* Fed. R. Civ. P. 12(b)(6).

[20] *See McKinney v. State of Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991).

[21] *See Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir.2010).

survive a motion to dismiss "the plaintiff must provide more than labels and conclusions or a

formulaic recitation of the elements of a cause of action, and factual allegations must be enough

to raise a right to relief above the speculative level."[22]  Finally, as is the case here, the Court

liberally construes the allegations in a *pro se* complaint.[23]

Based upon a review of Plaintiff's pleadings before the Court, it appears that Ms. Jackson

alleges she had a conditional offer of employment that was breached by Defendants and her

disabilities were not accommodated by Defendants.  These claims, even when construed

liberally, fail to set forth a claim under the ADA.[24]  The Court is not unsympathetic to the

difficulties that Ms. Jackson appears to be facing.  However, Plaintiff cannot be excused from

complying with the rules.

### III. CONCLUSION

Based upon a review of the record and the foregoing, I recommend that the Court dismiss

Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The remaining motions should

be deemed MOOT or be DENIED.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or

proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for

which de novo review by the district court is sought, together with a supporting memorandum,

and request for oral argument before the district judge, if any is sought, within fourteen (14) days

---

[22] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (alterations and internal quotations omitted).

[23] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[24] *See Roberts v. Cessna Aircraft Co.*, 289 Fed.Appx. 321, 2008 WL 3524009 *1 (10th Cir. 2008) (holding the plaintiff failed to establish a prima facie case of discrimination under the ADA); *Doren v. Battle Creek Health System*, 187 F.3d 595, 597 (6th Cir. 1999) ("To establish a prima facie case under the Act, a plaintiff must show that: (1) she is disabled within the meaning of the Act; (2) she is otherwise qualified for the position, with or without reasonable accommodation; (3) she suffered an adverse employment decision; (4) her employer knew or had reason to know of the disability; and (5) the position remained open while the employer sought other applicants or the disabled individual was replaced.").

of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

DATED this 6 December 2012.

Brooke C. Wells
United States Magistrate Judge